

# United States District Court
### DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| v. | CASE NUMBER: 10-7311m |

1. Aristide John DeTorres, and
2. Martin Ortiz-Figueroa,

   **Defendants**.

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.  On or about July 12, 2010, in the District of Arizona, defendants ARISTIDE JOHN DETORRES and MARTIN ORTIZ-FIGUEROA did knowingly and intentionally possess with intent to distribute, and did knowingly and intentionally conspire with each other and with other persons known and unknown to possess with intent to distribute, 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.

I further state that I am a Special Agent with the U.S. Drug Enforcement Administration and that this complaint is based on the following facts:

      **See the attached Statement of Probable Cause, which is incorporated by reference herein.**

BRIAN A. BROCKMAN
Special Agent, U.S. Drug Enforcement Administration
Complainant

Signature of Complainant

Authorized by:
KORY A. LANGHOFER
Assistant United States Attorney

_KML (for KAL)_
Initials of Assistant United States Attorney

The foregoing has been sworn to and subscribed in my presence on July 13, 2010 in Phoenix, Arizona.

HONORABLE EDWARD C. VOSS
United States Magistrate Judge

Signature of Judicial Officer

## Statement of Probable Cause

I, Brian A. Brockman, upon oath do hereby depose and say:

1. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and have been employed in that position for more than twenty years. I am currently assigned to the DEA office in Phoenix, Arizona. My duties are to investigate violations of Title 21, United States Code, Section 841, et seq., and other federal laws. I have received formal training in drug investigations and the enforcement of federal drug laws from the DEA at the Federal Bureau of Investigation Academy at Quantico, Virginia. I have learned about the illegal drug trade from continual training, other law enforcement officers, informants, defendants, and numerous drug investigations I have conducted or assisted. I have also received certification training by the DEA in the investigation of clandestine laboratories and the methods used by drug traffickers to manufacture controlled substances. Prior to becoming an SA with the DEA, I was a Sergeant in the United States Marine Corps for over eight years.

2. This affidavit is written in support of a complaint against Martin Ortiz-Figueroa and Aristide John DeTorres for violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), Possession of Marijuana with Intent To Distribute, and 846, Conspiracy To Possess Marijuana with Intent To Distribute.

3. In addition to the facts and circumstances detailed hereinafter as derived from my own personal knowledge and/or observations, I have included information derived from the personal knowledge and/or observations of other sworn law enforcement officers.

4. On July 12, 2009, at about 6:25 in the morning, Casa Grande Border Patrol agents received information from the Border Patrol dispatcher that a black Jeep Wrangler with a hard top was observed near mile marker 155 on Interstate 8, approximately 10-15 miles from the City of Casa Grande, picking up suspected illegal aliens.

5. At about 6:35 in the morning, Border Patrol agent Oscar Ruiz, after hearing the information concerning the

Black Jeep, observed a black Jeep Wrangler with a hard top near mile marker 169 traveling eastbound.

6. Border Patrol agent Ruiz used the highway median to change his direction of travel, activated his emergency equipment, and proceeded eastbound after the suspect vehicle. The vehicle pursuit continued southbound on Trekell Road at a high rate of speed. Moments later the vehicle turned southbound on Hanna Road and then onto several dirt roads through the Casa Grande Mountains at a high rate of speed. During the pursuit agents were unable to keep constant sight of the vehicle. A short time later, Border Patrol agent Schenkhoff observed a black Jeep with a hard top near the intersection of Peart Road and Jimmy Kerr Road. Agent Schenkhoff began pursuing the vehicle, but due to the high rate of speed the Jeep was traveling, Agent Schenkhoff could not keep the vehicle in sight. Agent Schenkhoff radioed the last known location of the Jeep and within minutes Border Patrol agent Alvarez observed a black Jeep with a hard top near 12th street and Colorado in the city limits of Casa Grande. Agents followed the Jeep west on Florence Boulevard and the vehicle then made a turn into an alley where agents observed both individuals, the driver, Aristide DETORRES, and the passenger, Martin ORTIZ-FIGUEROA, bail out of the vehicle and flee. After a short foot pursuit, both individuals were taken into custody. Agents at the scene observed on the backseat of the Jeep six bundles containing a green plant-like material, which later field tested positive as marijuana, weighing approximately 146.4 pounds (approximately 66.4 kilograms). The vehicle was registered to DETORRES.

7. Both individuals and the marijuana were transported to the Border Patrol station in Casa Grande, where the individuals were informed of, and waived, their *Miranda* rights.

8. DETORRES told agents that he was approached by a man, known only as "Mike," at the Food City in Casa Grande on the evening of Sunday, July 11, 2010. Mike indicated that DETORRES would be paid between $1,200 and $1,500 (a) to pick up an individual and some marijuana on Interstate 8 at

mile marker 147; and then (b) drive the man and the marijuana to a location that would be disclosed to DETORRES at a later time.

9. ORTIZ-FIGUEROA related that he was an illegal alien who entered the United States on June 28, 2010 near Lukeville, Arizona, through the desert, without going through a proper customs inspection, along with seven other individuals. ORTIZ-FIGUEROA admitted that he and each of the seven other individuals had carried a backpack of marijuana while traveling together. When the Jeep stopped on Interstate 8, one of the individuals with ORTIZ-FIGUEROA told ORTIZ-FIGUEROA to get into the Jeep, and ORTIZ-FIGUEROA did so.

10. A check of law enforcement indices revealed that ORTIZ-FIGUEROA was arrested on March 1, 1985 by Immigration and Naturalization Service ("INS") agents in Arizona for an immigration violation and was deported to Mexico. Records further revealed that on February 26, 1990 ORTIZ-FIGUEROA was arrested by agents of the INS in Arizona for an immigration violation and was deported to Mexico.

11. Based on the above facts, I submit that there is probable cause to believe that DETORRES and ORTIZ-FIQUEROA each violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D), Possession of Marijuana with Intent To Distribute, and 846, Conspiracy To Possess Marijuana with Intent To Distribute.

I make this statement under penalty of perjury.

_____
BRIAN BROCKMAN, Special Agent

U.S. Drug Enforcement Administration

Sworn to and subscribed before me this 13th day of July, 2010.

_____

HONORABLE EDWARD C. VOSS

United States Magistrate Judge